UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-14167-CV-MIDDLEBROOKS
MAGISTRATE JUDGE REID

LYNN EDWARD HAMLET,

    Plaintiff,

v.

MARTIN CORRECTIONAL
INSTITUTION, et al.,

    Defendants.
_____/

## ORDER FOR AMENDED COMPLAINT

Plaintiff, a state inmate, has filed a complaint pursuant to 42 U.S.C. § 1983. The undersigned has screened the complaint in accordance with 28 U.S.C. § 1915. As discussed below, the complaint is deficient. Therefore, plaintiff will be ordered to file an amended complaint rectifying these deficiencies.

### I.    Factual Allegations

The following allegations are from plaintiff's complaint. [ECF 1]. They are not a model of clarity; the undersigned does her best to present them in a logical and favorable light.

On an unspecified date, Officer Schultheiss and Lt. Pensing put plaintiff in confinement because he put three ounces of rice in a bag 30 minutes after coming

1

out of a diabetic coma. [*Id.*] They did so at least in part due to plaintiff's race, which is black. *See* [*id.* pp. 3, 5]. Sgt. Coney witnessed this incident. [*Id.* p. 4]. Sgt. Coney knew plaintiff had just come out of a diabetic coma and needed food. [*Id.* p. 6].

Officer Schultheiss previously falsely accused plaintiff of coming at her with a cane. [*Id.* p. 5]. Since then, Officer Schultheiss has harassed plaintiff, such as by cursing at him and talking negatively about him to other offices. [*Id.*] Plaintiff has not seen Officer Schultheiss or an unnamed lieutenant "do white inmates like they do blacks." [*Id.*]

On an unspecified date, plaintiff wrote up Officer Schultheiss and Lt. Schultheiss for refusing to let him eat after taking insulin. [*Id.*] He also wrote up Officer Schultheiss for harassing him in the chow hall and forcing him to get out. [*Id.*] Likewise, if plaintiff does not eat fast enough, Officer Schotizes will harass him and try to make him leave the chow hall. [*Id.*]

All these officers tried to make plaintiff go into a diabetic coma. [*Id.* p. 7].

Plaintiff names the following individual/entities as defendants: (1) Officer Schultheiss; (2) Lt. Pensing; (3) St. Coney; (4) Martin Correctional Institution; and (5) Mr. Mitchal. [*Id.* pp. 1-3] Lt. Schultheiss and Officer Schotizes are not named as defendants. *See* [*id.*]

Despite plaintiff's characterization of his claims, it appears that he attempts to allege violations of the: (1) First Amendment--retaliation; (2) Fourteenth Amendment--equal protection; and (3) Eighth Amendment--deliberate indifference.

## II.   Standard Under 28 U.S.C. § 1915(e)

"[Section] 1915(e) . . . applies to cases in which the plaintiff is proceeding IFP." *Farese v. Scherer*, 342 F.3d 1223, 1228 (11th Cir. 2003) (per curiam). Under 28 U.S.C. § 1915(e)(2):

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal--
>
> > (i) is frivolous or malicious;
> >
> > (ii) fails to state a claim on which relief may be granted; or
> >
> > (iii) seeks monetary relief against a defendant who is immune from such relief.

In reviewing the complaint under § 1915(e), the court takes the allegations as true and construes them in the most favorable light. *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003); *Maps v. Miami Dade State Att'y*, 693 F. App'x 784, 785

(11th Cir. 2017) (per curiam). Furthermore, courts hold complaints that *pro se* prisoners file to "less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

Nonetheless, under § 1915(e)(2)(B)(i), courts may dismiss as frivolous claims that are "based on an indisputably meritless legal theory" or "whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Furthermore, the same standards govern dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and dismissal for failure to state a claim under § 1915(e)(2)(B)(ii). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Thus, under § 1915(e)(2)(B)(ii), the court may dismiss a complaint that fails "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III.   Discussion

A.   <u>First Amendment--Retaliation</u>

"Under the First Amendment, a prison official may not retaliate against an inmate for exercising the right of free speech." *Taylor v. McSwain*, 335 F. App'x 32, 33 (11th Cir. 2009) (citing *Farrow v. West*, 320 F.3d 1235, 1248 (11th Cir. 2003)).

"To establish a First Amendment retaliation claim, a plaintiff must show that (1) [his] speech was constitutionally protected; (2) [he] suffered adverse conduct that would likely deter a person of ordinary firmness from engaging in such speech; and (3) there was a causal relationship between the adverse conduct and the protected speech." *Castle v. Appalachian Tech. Coll.*, 631 F.3d 1194, 1197 (11th Cir. 2011) (citing *Bennett v. Hendrix*, 423 F.3d 1247, 1250 (11th Cir. 2005)).

Here, liberally construing his allegations, plaintiff alleges that he filed previous grievances against Officer Schultheiss for falsely accusing him of threatening her and against Officer Schultheiss and Lt. Schultheiss for refusing to let him eat after taking insulin. Thus, he has adequately alleged that the First Amendment protected these complaints. *See Smith v. Mosley*, 532 F.3d 1270, 1276 (11th Cir. 2008) ("It is an established principle of constitutional law that an inmate is considered to be exercising his First Amendment right of freedom of speech when he complains to the prison's administrators about the conditions of his confinement." (citation omitted)).

However, plaintiff does not allege that he filed grievances against any other individuals named in his complaint. Furthermore, he does not name Lt. Schultheiss as a defendant. Therefore, he has adequately alleged element (1) as to only Officer Schultheiss.

Regarding element (2), plaintiff appears to allege that, in response to his complaints, Officer Schultheiss: (1) interfered with his attempts to eat in the chow hall; (2) put him in confinement based on a trumped-up allegation that he put three ounces of rice in a bag; and (3) generally harassed him such as by swearing at him.

However liberally construed, these allegations do not support a reasonable inference that these actions would likely deter a person of ordinary firmness from filing grievances. Although disciplinary confinement may constitute adverse action, plaintiff has not alleged any allegations regarding his confinement, such as its length or conditions. *Cf. O'Bryant v. Finch*, 637 F.3d 1207, 1215-16 (11th Cir. 2011) (per curiam) (stating that "30 days' disciplinary confinement" constituted "adverse action" for the purposes of a retaliation claim). Furthermore, plaintiff's allegations of general harassment including swearing do not support a reasonable inference of material adversity. *See Davis v. Goord*, 320 F.3d 346, 353 (2d Cir. 2003) ("Insulting or disrespectful comments directed at an inmate generally do not rise to [the] level [of material adversity]."). Furthermore, although plaintiff alleges interference with his eating, his allegations are simply too vague and conclusory to warrant a reasonable inference that this interference was materially adverse. In short, plaintiff has not adequately alleged that these retaliatory actions would have deterred an ordinarily firm person from filing grievances.

Moreover, plaintiff has not adequately alleged element (3), i.e., causation. For starters, he has not adequately alleged material adversity. Therefore, he necessarily cannot adequately allege any causal relationship between his protected speech and any alleged material adversity. Furthermore, plaintiff has not alleged any dates of the relevant actions. Thus, he has not alleged any "temporal proximity" between his protected speech and the allegedly materially adverse action, which may support a reasonable inference of causation. *See Stanley v. City of Dalton, Ga.*, 219 F.3d 1280, 1291 (11th Cir. 2000). Nor do his vague and conclusory allegations support a reasonable inference of "retaliatory animus." *See Finch*, 637 F.3d at 1219.

In sum, plaintiff has not adequately alleged a First Amendment retaliation claim as to any defendant.

B.      Fourteenth Amendment--Equal Protection

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citation omitted). "To establish an equal protection claim, a [plaintiff] must demonstrate that (1) he is similarly situated to other [persons] who received more favorable treatment; and (2) the state engaged in invidious discrimination against him based on race, religion, national origin, or some other constitutionally

7

protected basis." *See Sweet v. Sec'y, Dep't of Corr.*, 467 F.3d 1311, 1318-19 (11th Cir. 2006) (citations omitted); *accord Douglas Energy Relief Ass'n v. City of Douglas, Ga.*, 556 F. App'x 820, 822 (11th Cir. 2014) (per curiam) (citation omitted).

Here, plaintiff has not adequately alleged an equal protection claim. Plaintiff alleges that Officer Schultheiss and Lt. Pensing put him in confinement based on a trumped-up allegation that he put three ounces of rice in a bag in the chow hall. Furthermore, he alleges that he has not seen Officer Schultheiss or an unnamed lieutenant "do white inmates like they do blacks." These allegations are too vague and conclusory to support a reasonable inference that plaintiff was similarly situated to white inmates or that white inmates received more favorable treatment.

C.     Eighth Amendment--Deliberate Indifference

Plaintiff generally alleges that Officer Schultheiss, Lt. Pensing, Lt. Schultheiss (unnamed defendant) Officer Schotizes (unnamed defendant) interfered with his ability to eat, thus impacting his diabetes. Further, he alleges that: (1) Sgt. Coney witnessed the incident in which Officer Schultheiss and Lt. Pensing put him in confinement based on a trumped-up allegation that he put three ounces of rice in a bag in the chow hall; and (2) Sgt. Coney knew that he had just come out of a diabetic coma and needed food. Plaintiff accuses these individuals of trying to force him to have a diabetic coma.

1. *Deliberate Indifference to Medical Needs*

"To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry." *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004) (citation omitted). "First, the plaintiff must prove an objectively serious medical need." *Id.* (citation omitted). "Second, the plaintiff must prove that the prison official acted with deliberate indifference to that need." *Id.* (citation omitted).

Here, because plaintiff has alleged that he is diabetic, he has adequately alleged that he has an objectively serious medical need. Thus, the question is whether he has adequately alleged that defendants acted with deliberate indifference to that need.

"To establish the second element, deliberate indifference to the serious medical need, the prisoner must prove three facts: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence." *Id.* (citation omitted). "Conduct that is more than mere negligence includes: (1) grossly inadequate care; (2) a decision to take an easier but less efficacious course of treatment; and (3) medical care that is so cursory as to amount to no treatment at all." *Bingham v. Thomas*, 654 F.3d 1171, 1176 (11th Cir. 2011) (citation omitted).

Here, plaintiff's allegations permit a reasonable inference that only Sgt. Coney, Officer Schultheiss, and Lt. Schultheiss knew of his diabetes. Thus, the issue is whether he has adequately alleged that any of these individuals disregarded this condition by conduct that was more than mere negligence.

Here, plaintiff generally alleges that these individuals interfered with his ability to eat. This vague allegation, without more, fails to support a reasonable inference that this interference constituted a disregard of his diabetes that amounted to more than mere negligence. Plaintiff has not meaningfully alleged that this interference impacted his diabetes, created an increased risk that he would suffer from this condition, or caused him unnecessary pain. Notably, while plaintiff alleges that he had a diabetic coma, he appears to allege that he suffered this coma before defendants took the actions at issue. In any event, this bare allegation, without more, does not permit a reasonable inference that the inference in question caused or contributed to the coma. In sum, plaintiff has not adequately alleged a medical deliberate indifference claim.

### 2. *Conditions of Confinement*

The Eighth Amendment requires prison officials to "provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable

measures to guarantee the safety of the inmates[.]" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citing cases).

Here, plaintiff generally alleges that defendants have interfered with his ability to eat. His unadorned allegations, without more, do not permit a reasonable inference that defendants have deprived him of food. Thus, he has not adequately alleged a conditions-of-confinement claim.

### 3. *Failure to Intervene/Supervisory Liability*

Plaintiff alleges that Sgt. Coney witnessed the incident in which Officer Schultheiss and Lt. Pensing put him in confinement based on a trumped-up allegation that he put three ounces of rice in a bag in the chow hall. To the extent plaintiff attempts to allege a failure-to-intervene claim based on this bare allegation, it would be inadequate. Generally, "an officer has a duty to intervene if he observes a constitutional violation and is in a position to intervene." *See Johnson v. Boyd*, 568 F. App'x 719, 722 (11th Cir. 2014) (per curiam) (citation omitted). However, plaintiff has not adequately alleged an underlying constitutional violation. Therefore, he necessarily has not adequately alleged a failure-to-intervene claim.

To the extent plaintiff attempts to allege an Eighth Amendment claim against Sgt. Coney for supervisory liability, the claim would be deficient. As noted, plaintiff has not adequately alleged an Eighth Amendment violation. Furthermore, plaintiff has not pleaded "multiple [prior] incidents" or "multiple reports of prior misconduct

by a particular employee." *See Piazza v. Jefferson Cty., Ala.*, 923 F.3d 947, 957 (11th Cir. 2019). In short, any putative supervisory liability claim against Sgt. Coney would be deficient.

D.   Defendant Mitchal

Under § 1983, "each Government official . . . is only liable for his or her own misconduct." *Iqbal*, 556 U.S. at 677. Here, however, plaintiff has not alleged that Mitchal had any individual involvement in the alleged civil rights violations. Therefore, all claims against Mitchal are deficient.

E.   Martin Correctional Institution

Plaintiff also names his prison as a defendant and seeks $20,000 in damages. [ECF 1, pp. 1, 4]. But, "absent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court." *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) (citation omitted). "Congress has not abrogated Eleventh Amendment immunity in 42 U.S.C. §§ 1981, 1983, or 1985 cases, and Florida has not waived its Eleventh Amendment immunity in federal civil rights actions." *Henry v. Fla. Bar*, 701 F. App'x 878, 880 (11th Cir. 2017) (per curiam) (citing cases). "The FDOC is an agency of the State [for Eleventh Amendment purposes]." *Morris v. Florida*, No. 3:17CV692-RV-CJK, 2018 WL 3999847, at *3 (N.D. Fla. June 6, 2018), *report and recommendation adopted*, No.

3:17CV692-RV-CJK, 2018 WL 3997354 (N.D. Fla. Aug. 21, 2018). Accordingly, the Eleventh Amendment bars plaintiff's damages claim against his prison.

## IV. Conclusion

As discussed above, plaintiff's complaint is deficient. Accordingly, it is

ORDERED AND ADJUDGED as follows:

1. On or before August 26, 2019, plaintiff shall file an amended complaint. The amended complaint must be filed (i.e., received by the court and docketed) by August 26, 2019. The court will NOT use the date on which plaintiff signs the amended complaint or the date on which he submits it to prison authorities for mailing as the date of filing. Plaintiff is cautioned that he must take any potential mailing delays into consideration when determining by when to submit his amended complaint to prison authorities for mailing. Failure to timely file his second amended complaint by August 26, 2019 **will result in dismissal of this case for failure to prosecute and/or failure to comply with a court order.**

2. The amended complaint shall be the operative pleading considered in this case; only the claims listed therein will be addressed by the Court. Therefore, the amended complaint must not refer to the original complaint or incorporate by reference claims raised or arguments made therein. Facts alleged and claims raised

in plaintiff's previous filings that are not specifically repleaded in the amended complaint will be considered abandoned and voluntarily dismissed. Likewise, the amended complaint must not incorporate by reference arguments or text from any other documents, including any exhibits.

    3.    The amended complaint must be labeled "amended complaint" and must show 2:18-cv-14167-DMM so that it will be filed in this case.

    4.    Plaintiff must not expand the scope of the case by alleging new unrelated claims or parties in the amended complaint. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

    SIGNED this 26th day of July, 2019.

                                   s/Lisette M. Reid_____
                                   UNITED STATES MAGISTRATE JUDGE


Lynn Edward Hamlet
037110
Martin Correctional Institution
Inmate Mail/Parcels
1150 SW Allapattah Road
Indiantown, FL 34956
PRO SE