UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-14167-CV-MIDDLEBROOKS
MAGISTRATE JUDGE REID

LYNN EDWARD HAMLET,

    Plaintiff,

v.

MARTIN CORRECTIONAL
INSTITUTION et al.,

    Defendants.
_____/

## **REPORT OF MAGISTRATE JUDGE**

Plaintiff, a state inmate, filed a complaint pursuant to 42 U.S.C. § 1983. [ECF 1]. The court ordered plaintiff to file an amended complaint because the complaint was deficient. [ECF 25].

Plaintiff filed an amended complaint, [ECF 26], which the undersigned has screened under 28 U.S.C. § 1915. As discussed below, the amended complaint should be allowed to proceed in part and dismissed in part.

### I.    Factual Allegations

Plaintiff's amended complaint contains vague, conclusory, and rambling allegations. The undersigned assumes the allegations are true for purposes of review under § 1915.

1

Plaintiff is housed at Martin Correctional Institution ("Martin C.I."). *See* [*id.* p. 1].[1] Defendant Officer Shultheiss waged a "campaign of harassment" against plaintiff, which included "calling [his] name to get out of the dining room." [*Id.* p. 2]. To retaliate against plaintiff, she lied to defendant Captain Bensing about plaintiff, which resulted in plaintiff's being locked in confinement. *See* [*id.* pp. 1-2]. There, plaintiff contracted a bacterial infection that ruined his heart valve, which had to be replaced. [*Id.* p. 2]. The bacterial infection was caused by "feces and urine in the shower." [*Id.* p. 3].

Additionally, Officer Shultheiss wrote a "DR," which resulted in plaintiff's being "sentenced illegally by [defendant Lieutenant] Shultheiss," her husband. [*Id.* pp. 2-3]. The sentence was illegal because Lt. Shultheiss "was re-assigned to work camp when marrying Officer . . . Shultheiss, and was not a part of [the] DR team." [*Id.* p. 3].

Defendant Mr. Mitchell is the director of food service. [*Id.*] Apparently, Mr. Mitchell untruthfully told Lt. Shultheiss that plaintiff called Officer Shultheiss a "bitch," when Officer Shultheiss actually called plaintiff the same. *See* [*id.* pp. 3-4]. Furthermore, Mr. Mitchell interfered with plaintiff's ability/opportunity to eat by

---

[1] All citations to ECF entries refer to the page-stamp number located at the top, right-hand corner of the page.

2

telling him to "sit at [the] second table until chicken nuggets were ready to serve." *See* [*id.*]

Defendant Officer Hoxie "lock[ed plaintiff] in a shower with feces and human urine [floating] around inside the shower[] that got [into plaintiff's] urinary tract and liver." [*Id.* p. 4]. Plaintiff told Officer Hoxie "about the feces and urine [floating] around in the shower, [but Hoxie] would not let [him] out." [*Id.*] Furthermore, Hoxie "went into [plaintiff's] cell and took all the clean clothes and left [plaintiff] with nothing to clean the feces and urine off [himself]." [*Id.* p. 5].

Plaintiff sues: (1) Martin C.I.; (2) Officer Shultheiss; (3) Captain Bensing; (4) Mr. Mitchell; (5) Lt. Shultheiss; and (6) Officer Hoxie. Plaintiff alleges violations of the First, Eighth, and Fourteenth Amendments. [*Id.* p. 5]. Plaintiff seeks $2.5 million in damages and transfer to another prison. [*Id.* p. 8].

## II. Standard Under 28 U.S.C. § 1915(e)

"[Section] 1915(e) . . . applies to cases in which the plaintiff is proceeding IFP." *Farese v. Scherer*, 342 F.3d 1223, 1228 (11th Cir. 2003) (per curiam). Under 28 U.S.C. § 1915(e)(2):

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> (A) the allegation of poverty is untrue; or

3

>  (B) the action or appeal--
>
>> (i) is frivolous or malicious;
>>
>> (ii) fails to state a claim on which relief may be granted; or
>>
>> (iii) seeks monetary relief against a defendant who is immune from such relief.

In reviewing the complaint under § 1915(e), the court takes the allegations as true and construes them in the most favorable light. *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003); *Maps v. Miami Dade State Att'y*, 693 F. App'x 784, 785 (11th Cir. 2017) (per curiam). Furthermore, courts hold complaints that *pro se* prisoners file to "less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

Nonetheless, under § 1915(e)(2)(B)(i), courts may dismiss as frivolous claims that are "based on an indisputably meritless legal theory" or "whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Furthermore, the same standards govern dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and dismissal for failure to state a claim under § 1915(e)(2)(B)(ii). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Thus, under § 1915(e)(2)(B)(ii), the court may dismiss a complaint that fails "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III.   Discussion

A.   Officer Shultheiss

Plaintiff's conclusory allegations that Officer Shultheiss harassed him, called him a bitch, and lied about him fail to state a § 1983 claim. *See Hernandez v. Fla. Dep't of Corr.*, 281 F. App'x 862, 866 (11th Cir. 2008) ("[V]erbal abuse alone is insufficient to state a constitutional claim." (citation omitted)). While plaintiff conclusorily alleges that this conduct caused his confinement, the imposition of confinement based on a false disciplinary report does not, standing alone, create a liberty interest. *See Rodgers v. Singletary*, 142 F.3d 1252, 1252-53 (11th Cir. 1998) (finding that inmate had no liberty interest in freedom from 60 days in confinement attributable to dismissed disciplinary report). Thus, any due process claim based on this conduct is not cognizable. Furthermore, any First Amendment retaliation claim is similarly deficient. *See Rosa v. Fla. Dep't of Corr.*, 522 F. App'x 710, 716 (11th Cir. 2013) (per curiam) (failure to adequately describe "contents of any false disciplinary reports" fatal to retaliation claim). Additionally, while plaintiff vaguely mentions various grievances in the amended complaint, he has not clearly alleged that Officer Shultheiss "punished [him] for complaining through the established

grievance system about [the alleged harassment]." *See Boxer X v. Harris*, 437 F.3d 1107, 1112 (11th Cir. 2006) (citation omitted). Finally, plaintiff's conclusory allegation that Officer Shultheiss told him to leave the dining room does not support a reasonable inference that she unconstitutionally deprived him of "reasonably adequate food." *See Hernandez*, 281 F. App'x at 865-66.

In short, plaintiff has not stated any cognizable § 1983 claims against Officer Shultheiss.

B.   Lt. Shultheiss

Plaintiff appears to allege that Lt. Shultheiss "illegally" participated in his DR hearing because he was married to Officer Shultheiss and, therefore, had been reassigned to work camp. Plaintiff does not elaborate or identify any provision of federal law that this action allegedly violated. Furthermore, plaintiff does not allege that Lt. Shultheiss deprived him of "minimum due process protections in the . . . prison disciplinary hearing." *See generally Dean-Mitchell v. Reese*, 837 F.3d 1107, 1112 (11th Cir. 2016) (citation omitted). In short, plaintiff has not stated a cognizable § 1983 claim against Lt. Shultheiss.

C.   Mr. Mitchell

Plaintiff appears to allege that Mr. Mitchell interfered with his ability/opportunity to eat by telling him to "sit at [the] second table until chicken

6

nuggets were ready to serve." This allegation is unclear and conclusory and, hence, fails to state a § 1983 claim. *See Hernandez,* 281 F. App'x at 865-66.

D. <u>Captain Bensing</u>

Plaintiff appears to allege that Captain Bensing sent him to confinement based on Officer Shultheiss's lies. However, he has not alleged that Captain Bensing knew of these alleged lies. Furthermore, he has not alleged that Captain Bensing confined him for an improper purpose, such as to retaliate against him for grieving the conditions of his confinement. Additionally, he has not alleged that Captain Bensing knew of the feces and urine to which he was allegedly exposed in confinement. Therefore, he has not adequately alleged that Captain Bensing "was subjectively aware of the [health] risk" these conditions allegedly posed. *See Farmer v. Brennan*, 511 U.S. 825, 829 (1994). Consequently, he has not alleged a cognizable Eighth Amendment claim against Captain Bensing. *See id.* at 837 ("[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.").

In sum, plaintiff has failed to state a cognizable § 1983 claim against Captain Bensing.

E. <u>Officer Hoxie</u>

Plaintiff alleges that Officer Hoxie locked him in a shower with feces and urine and refused to let him out. Further, he alleges that Officer Hoxie took his clean clothes, thereby preventing him from cleaning off the human waste. He adds that the exposure to the waste caused him to contract a bacterial infection that ruined his heart valve, which had to be replaced. These allegations, liberally construed, support a reasonable inference that Officer Hoxie "confined [plaintiff] . . . in conditions lacking basic sanitation." *See Brooks v. Warden*, 800 F.3d 1295, 1303 (11th Cir. 2015) (ellipsis in original) (citation omitted). Thus, they "state an Eighth Amendment violation." *See id.* at 1303-05.

F. <u>Martin C.I.</u>

Sovereign immunity bars plaintiff's damages claim against Martin C.I. "[A]bsent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court." *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) (citation omitted). "Congress has not abrogated Eleventh Amendment immunity in 42 U.S.C. §§ 1981, 1983, or 1985 cases, and Florida has not waived its Eleventh Amendment immunity in federal civil rights actions." *Henry v. Fla. Bar*, 701 F. App'x 878, 880 (11th Cir. 2017) (per curiam) (citing cases). "The FDOC is an agency of the State [for Eleventh Amendment purposes]." *Morris v. Florida*, No. 3:17CV692-RV-CJK, 2018 WL 3999847, at *3

(N.D. Fla. June 6, 2018), *report and recommendation adopted*, No. 3:17CV692-RV-CJK, 2018 WL 3997354 (N.D. Fla. Aug. 21, 2018).

Furthermore, while he seeks the injunctive relief of transfer to "South Florida Reception Center, South Unit," [ECF 26, p. 8], prisoners do not have a constitutional right to be transferred to a prison of their own choosing. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976).

In sum, plaintiff has not stated a cognizable § 1983 claim against Martin C.I.

## IV.   Conclusion

As discussed above, it is recommended that plaintiff's amended complaint be allowed to proceed in part and dismissed in part. As a result:

- Plaintiff should be allowed to proceed on only his Eighth Amendment claim against Officer Hoxie in his individual capacity.

- All remaining claims should be dismissed *without* leave to amend.

- Officer Hoxie should be added as a defendant.

- The following defendants should be terminated: (1) Martin Correctional Institution; (2) Officer Shultheiss; (3) Captain Bensing[2]; (4) Mr. Mitchell[3]; (5) Lt. Shultheiss[4]; and (6) Sgt. Coney.[5]

---

[2] Captain Bensing is listed on the docket as "Lt. Pensing."
[3] Mr. Mitchell is listed on the docet as "Mitchal."
[4] Plaintiff did not sue Lt. Shultheiss in the original complaint.
[5] Sgt. Coney is listed on the docket; plaintiff did not sue him/her in the amended complaint.

It is further recommended that the case be reopened.

SIGNED this 2nd day of December, 2019.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Lynn Edward Hamlet
 037110
 Martin Correctional Institution
 Inmate Mail/Parcels
 1150 SW Allapattah Road
 Indiantown, FL 34956
 PRO SE