UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-14167 – MIDDLEBROOKS/Reid

LYNN EDWARD HAMLET,

    Plaintiff,

vs.

MARTIN CORRECTIONAL INSTITUTION, et al.,

    Defendants.

_____/

## AFFIDAVIT OF ALAN MCMANUS

STATE OF FLORIDA
COUNTY OF LEON

    I, ALAN McMANUS, state that I have personal knowledge of the following information and that the same is true and correct:

1. I am over eighteen (18) years of age, suffer from no impairment, and am legally competent to make this Affidavit and to testify in court should that be necessary.

2. I am presently employed as the Bureau Chief of the Bureau of Policy Management and Inmate Appeals (hereinafter referred to as, "Bureau of Inmate Appeals") with the Florida Department of Corrections ("FDC"), at 501 South Calhoun Street, Tallahassee, Florida, 32399.

3. The Bureau of Inmate Appeals, which I supervise, is responsible for maintaining and processing grievance appeals filed by inmates at all Florida institutions, including those appeals filed directly to the Office of the Secretary. Records of all grievances and appeals filed by inmates within the FDC are maintained by the Bureau of Inmate Appeals in the FDC Inmate Grievance Database.

4. Accordingly, I have access to and knowledge of inmate grievances and appeals kept in the normal course of business at FDC.

5. I am also familiar with the administrative regulations, promulgated by the FDC and contained in Chapter 33-103 of the Florida Administrative Code, that govern the inmate grievance and appeal process.

6. As an inmate incarcerated with the FDC, the inmate grievance process has been available to Mr. Lynn Edward Hamlet, the Plaintiff in this action ("Inmate Hamlet"). The purpose of the inmate grievance process is to provide an inmate with a channel for the administrative resolution of a grievance. Fla. Admin. Code § 33-103.00(1).

7. Generally, inmates of FDC must begin the process by submitting an informal grievance at the institution. Fla. Admin. Code § 33-103.005(1). Certain types of complaints may bypass the informal level and be initiated at the formal level, but they are not applicable to this case. Fla. Admin. Code § 33-105(1)).

8. If the informal grievance is denied, the inmate may then file a formal grievance within the time frames established by the Administrative Code and on the appropriate form. Fla. Admin. Code § 33-103.006(1).

9. Finally, if the formal grievance is denied, the inmate must file an appeal with the Office of the Secretary. Upon receipt of a response from the Office of the Secretary, the inmate can be said to have exhausted the inmate grievance process, unless the inmate can properly file a "Direct Grievance" with the Secretary. (Fla. Admin. Code § 33-103.007(6)(a)).

10. In this case, I have reviewed the grievance files of Inmate Hamlet to determine whether he exhausted the inmate grievance process for the incident described in his complaint, namely that Officer Hoxie forced him into a contaminated shower at Martin Correctional

Institution (MCI) and refused him clean clothes. I have reviewed Inmate Hamlet's informal, formal and appeal logs, Exhibits B through D, respectively. Exhibits B through D are true and accurate copies of the original logs as maintained in the FDC Inmate Grievance Database. It should be noted that the informal log begins around July 2015 (prior to this date, informal logs were maintained by the individual institutions). These logs reveal two grievances by Inmate Hamlet that mention Officer Hoxie. Neither concerns the incident alleged in his complaint.

11. The first is an informal grievance filed by inmate Hamlet on April 28, 2018 bearing the number 410-1805-0039, and it appears on the informal log. See Exhibit C, pg. 2. The informal grievance and response is Exhibit E, and it is a true and accurate copy of the original maintained in the FDC inmate grievance database. The informal grievance was returned without action while stating that "this office will address the issue with the appropriate staff and further look into this matter." Exhibit E.

12. Because no explanation was given as to why the informal grievance was returned without action, Inmate Hamlet would not have been required to appeal the response to the formal level. However, this is not a grievance pertaining to the incident alleged in his complaint. Instead, Inmate Hamlet complains about Officer Hoxie searching his cell and not allowing him to take a shower. Exhibit E. Therefore, this grievance does not satisfy Inmate Hamlet's obligation to grieve the incident contained in his complaint.

13. The second bears the grievance log number 19-6-24552. It, along with the response to it, is Exhibit F. Exhibit F is a true and accurate copy of the grievance logged on page 1 of Exhibit D. Inmate Hamlet filed the grievance, dated June 2019, directly with the Office of the Secretary, and he mentions Officer Hoxie. Exhibit F. The grievance was returned

without action for a number of reasons, including the fact that Inmate Hamlet failed to provide copies of his appeals at the lower levels, that it addresses more than one issue and that it fails to provide any details for allegations of staff misconduct. Exhibit F. It also makes no mention of the incident alleged in the complaint.

14. Based on my review of the grievance appeals on record with the Office of the Secretary for Inmate Hamlet, I conclude that he did not exhaust his administrative remedies under Chapter 33 of the Florida Administrative Code with respect to the incident involving Officer Hoxie alleged in his complaint. More specifically, neither grievance concerns the incident alleged in his complaint. In addition, the second grievance was improperly filed with the Office of the Secretary without filing an informal or formal grievance first, among other flaws.

15. I have personal knowledge of the foregoing facts, and I am competent to testify to such facts. I would testify to these facts as above if I appeared in court as a witness under oath. I declare under penalty of perjury that the forgoing is true and correct.

Executed on February 18, 2020.

_____
ALAN McMANUS, BUREAU CHIEF
Bureau of Policy Management and Inmate Appeals
Florida Department of Corrections

ASHLEY JOY STOKES
MY COMMISSION # GG 939080
EXPIRES: December 11, 2023
Bonded Thru Notary Public Underwriters

2/18/20