UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CV-14167 – MIDDLEBROOKS
MAGISTRATE JUDGE McALILEY

LYNN EDWARD HAMLET,

    Plaintiff,

v.

OFFICER BRANDON HOXIE,

    Defendant.
_____/

## DEFENDANT'S PRETRIAL STATEMENT

Defendant OFFICER BRANDON HOXIE, through undersigned counsel and pursuant to this Court's Order Setting Trial Date and Amended Pretrial Schedule of Nov. 8, 2020 (ECF No. 84), submits the following.

**1.   Brief General Statement of the Case:**

Plaintiff Hamlet is an inmate incarcerated with the Florida Department of Corrections, at Martin Correctional Institution. He filed this § 1983 action in April 2018 (entered in the Court's docket on May 4, 2018) for an assortment of alleged wrongs committed by individuals who have been dismissed by the Court from this case. *See* Order signed Dec. 31, 2019 (ECF No. 30). Plaintiff's only remaining claim is for an alleged brief exposure to human waste that occurred after he filed this action, as described in Plaintiff's Amended Complaint (ECF No. 26). Plaintiff claims that Defendant placed Plaintiff in a shower stall in the confinement housing unit on the evening of April 25, 2018, and then would not let Plaintiff out of the shower stall for 30 to 40 minutes, even though Plaintiff had discovered a hidden single-serving size potato chip bag that allegedly contained human waste and was left behind in that shower stall, and the bag had spilled its contents.

Defendant denies that he was even present in the confinement unit on the evening of April 25, 2018.

2. **Written Statement of Facts that will be Offered by Oral or Documentary Evidence at Trial:**

Defendant will offer at trial testimony and documentary evidence to show that Plaintiff did not exhaust his administrative remedies prior to filing this lawsuit. Defendant also will offer testimony that the only size bag of potato chips available in the canteen at Martin Correctional Institution in early 2018 was a single-serving size bag, so the total amount of human waste that could have been in the shower stall on the evening of April 25, 2018, was minimal, even if Plaintiff's version of the facts are accepted as true. Defendant also will offer Plaintiff's own testimony to show that the total time he was in the shower stall was a maximum of 40 minutes and that he had access to running water and a towel to clean himself at that time. Defendant also will offer testimony and documentary evidence to show that he was not present in the confinement unit that evening. Finally, Defendant will offer testimony that Plaintiff's alleged injuries were not caused by an alleged exposure to human waste in a shower stall on April 25, 2018.

3. **List of all Exhibits to be Offered into Evidence at the Trial of the Case:**

   a. Plaintiff's grievance records

   b. Plaintiff's original Complaint in this case

   c. Plaintiff's disciplinary records

   d. Plaintiff's medical records for the pertinent period

   e. Plaintiff's classification/movement records

4. **List of names and addresses of places of employment for all witnesses that Defendant Intends to Call (all employees of FDC are to be contacted c/o defense counsel unless otherwise noted):**

a. Deputy Brandon Hoxie, Indian River County Sheriff's Department, c/o defense counsel

b. Bureau Chief Alan McManus, Florida Department of Corrections (Tallahassee, FL)

c. Assistant Warden John Holtz, Florida Department of Corrections (Martin C.I.)

d. Captain Moses Frost, Florida Department of Corrections (Charlotte C.I.)

e. Captain Robert Woolverton, Florida Department of Corrections (Okeechobee C.I.)

f. Sergeant Robert Gorman, Florida Department of Corrections (Martin C.I.)

g. Former Sergeant Derry Hanford, Deputy Sheriff St. Lucie County, c/o defense counsel

h. Sergeant Samuel Lewis, Florida Department of Corrections (Martin C.I.)

i. Former Officer Efrain Pellot, Corrections Officer, Greenville County Detention Center, South Carolina, c/o defense counsel

j. Officer Michael Pemberton, Florida Department of Corrections (Martin C.I.)

k. Nurse Kellie Caswell, Florida Department of Corrections (Tallahassee, FL)

**5. List of Inmate Witnesses that Defendants Intend to Call:**

None other than Plaintiff.

**6. Summary of the Testimony of Each Witness Named in (4) and (5), above:**

a. Deputy Brandon Hoxie will testify that he was not present for the events alleged by Plaintiff. He will testify that he was working an overtime shift in Dorm C the evening of April 25, 2018, and did not work in the confinement housing unit (Dorm D) that evening. He also will testify that he did not deny Plaintiff a shower on the evening of April 27, 2018, nor at any time, nor did he ever deny Plaintiff clothing, bedding or a towel. He will testify that he was not aware of any complaints by Plaintiff on the night of April 25, 2018. He also will testify as to the general procedures used for offering showers to inmates in the confinement unit, including that the inmates are escorted, in handcuffs, to and from the shower stalls by two corrections officers and that their cells are thoroughly searched while the inmates are in the showers. He also will testify that on at least one occasion he was called to Plaintiff's cell because he had defecated on himself, and that Officer Hoxie promptly called the medical office to have them check on Plaintiff.

b. Bureau Chief Alan McManus will testify as to Plaintiff's record of grievances, and FDC's grievance procedures, and that Plaintiff did not exhaust his administrative remedies as to the claim against Officer Hoxie prior to filing this lawsuit.

c. Assistant Warden John Holtz will testify as to the duty roster and the procedures used for ensuring its accuracy. He will testify that the duty roster reflects that Officer Hoxie did not work in the confinement housing unit the evening of April 25, 2018. He will testify as to the procedures and policy regarding showers being offered to inmates in the confinement housing unit, and that in his more than 20 year career in corrections he never heard of an inmate leaving a potato chip bag in the shower stalls in the confinement unit, other than the allegation made by Plaintiff in this case. Assistant Warden Holtz will testify that the only potato chips available at the commissary or canteen at Martin C.I. in the first half of 2018 were single-serving size bags of Lay's potato chips. He also will testify that Officer Hoxie was promoted to Sergeant pursuant to FDC's personnel policies and not because of the alleged incident involving Plaintiff. He also will testify as to Plaintiff's age when he began his most recent period of incarceration in May 2007, and that Plaintiff was disciplined in June 2019 for possession of a weapon.

d. Captain Moses Frost will testify that he worked the morning shift on April 26, 2018, in the confinement housing unit and that Plaintiff did not complain to Captain Frost during the Captain's morning rounds when he visited each cell. He also will testify that he never received a complaint from an inmate about human waste being left behind in a shower stall.

e. Captain Robert Woolverton will testify that he was the Captain on duty for the evening shift on April 25, 2018, and that during his unannounced tour of the confinement unit he did not see or hear any complaints from Plaintiff. He also will testify that he never heard any complaints about any kind of bodily fluids or contaminants being left in a shower. He also will describe FDC policy and procedure that provides that no inmate will remain in a shower stall for more than four hours, and that an inmate can only have their bedding or clothing removed completely if they violate the confinement rules, and any such violation and restriction would be recorded in an incident report, and the restriction would require approval from the Officer in Charge and the Chief of Security.

f. Sergeant Robert Gorman will testify that he worked the evening shift in the confinement housing unit on April 25, 2018, and never heard a complaint from Plaintiff that night or at any time about being in an unclean shower stall or with a potato chip bag of human waste in a shower stall, nor did Plaintiff ever complain that he had no bedding or linens. He also will testify that he never heard of a potato chip bag being used in a shower stall for an inmate to relieve himself.

g. Former Sergeant Derry Hanford will testify that he worked in Dorm C on the evening of April 25, 2018, and does not recall that he or any officer in Dorm C (where Officer Hoxie was assigned) were asked to work in the confinement housing unit (Dorm D)

4

    that night and if they had been asked to do so it would have been noted on the duty roster.

h. Sergeant Samuel Lewis will testify that he was the Sergeant in the confinement unit on the evening of April 25, 2018, and the procedures used for searching the shower stalls before an inmate was placed in the shower stall, and searching the cells while the inmates were in the showers. He also will testify that Plaintiff did not complain that night that he had been in an unclean shower stall or had no bedding or linens, and that Sergeant Lewis never heard an inmate complain about there being a potato chip bag of human waste in a shower stall.

i. Former Officer Efrain Pellot will testify as to the procedures followed when escorting inmates in the confinement housing unit to the shower stalls, the cell searches conducted while the inmates were in the shower stalls. He also will testify that he worked the evening shift on April 25, 2018, and never heard a complaint from Plaintiff that night or at any time about being in an unclean shower stall or with a bag of human waste in a shower stall, or of being left too long in a shower stall, nor did Plaintiff ever complain that he had no bedding or linens.

j. Officer Michael Pemberton will testify that he worked in the confinement unit on the evening of April 25, 2018, and that Plaintiff never complained about being forced to shower in an unclean shower stall or that there was a bag of human waste in a shower stall, nor did he ever complain that Officer Hoxie had taken all of his bedding and linens. Officer Pemberton will testify that he never heard about a potato chip bag of human waste in a shower stall in his almost 12 years as a corrections officer.

k. Nurse Kellie Caswell will testify to reviewing the Plaintiff's medical records for the pertinent period, and noting that there is no record that he was forced or locked in a shower stall with feces and urine, or that he was denied clean clothes. She also will testify that there is no record that Plaintiff had a urinary tract infection or liver problems related to his allegation that he was exposed to human waste in a shower stall on April 25, 2018, nor do the records support Plaintiff's statements that he "almost lost his life," or "lost the use of his legs," or that he was exposed to human waste in a shower stall on April 25, 2018, that caused him a bacterial infection that resulted in an injury to his heart valve. She will testify that it is documented throughout the medical records that Plaintiff is diabetic and had several episodes of hypoglycemia and hyperglycemia as well as frequent noncompliance with his medications and diet intake. She also will testify that in addition to diabetes - which can cause multiple complications that she will describe - Plaintiff has several co-morbidities that may contribute to his health and wellness. Nurse Caswell also will testify as to the record of Plaintiff being seen by medical staff on April 6, 16, 17, 18, 24, and 29, 2018, and also on May 6 and 8, 2018.

                                                      Respectfully submitted,

                                                      ASHLEY BROOKE MOODY

ATTORNEY GENERAL

<u>Barbara Junge</u>

BARBARA JUNGE
Assistant Attorney General
Florida Bar Number 993270
Office of the Attorney General
110 S.E. 6th Street, 10th Floor
Fort Lauderdale, FL 33301-5001
Ph: (954) 712-4600
Fax: (954) 527-3702
Email: barbara.junge@myfloridalegal.com
Counsel for Officer Hoxie

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 6, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on this date on the following *pro se* party by U.S. Mail.

*Barbara Junge*
Barbara Junge
Assistant Attorney General

## SERVICE LIST

Lynn Edward Hamlet v. Officer Hoxie
Case No. 18-cv-14167 – MIDDLEBROOKS/McAliley
United States District Court, Southern District of Florida

Lynn Edward Hamlet – *Pro Se*
DC# 037110
Okeechobee C.I.
3420 NE 168th Street
Okeechobee, FL 34972
 [Via U.S. Mail]

6